**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**KARL JEFFREE JASMIN #A204-656-575   CASE NO.  1:26-CV-01447 SEC P**

**VERSUS**                                                **JUDGE TERRY A. DOUGHTY**

**ACTING DIRECTOR U S**                      **MAGISTRATE JUDGE DAVID J. AYO**
**IMMIGRATION & CUSTOMS**
**ENFORCEMENT ET AL**

## REPORT AND RECOMMENDATION

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 [Doc. 1] filed by pro se Petitioner Karl Jeffree Jasmin ("Jasmin"), an immigration detainee at the River Correctional Center in Ferriday, Louisiana.  Jasmin challenges the legality of his detention.

Because Jasmin's detention is mandatory, the PETITION [Doc. 1] should be DENIED and DISMISSED WITHOUT PREJUDICE.

### I.    Background

Jasmin is a native of Haiti who has resided in the United States since July 12, 2011. [Doc. 1 at 3].  He was detained on June 20, 2025.  [Doc. 1 at 5].

According to the automated case information for the Executive Office for Immigration Review, Jasmin was ordered removed on May 1, 2026.[1]  No appeal was filed.  *Id.*

### II.    Law and Analysis

When an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (the "removal period").  *See* 8 U.S.C. § 1231(a)(1)(A).  The removal period being on the latest of the following: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and

---

[1] https://acis.eoir.justice.gov/en/caseInformation

if a court orders a stay of the removal of the alien, the date of the court's final order; (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. *Id.* at § 1231(a)(1)(B). Detention during the removal period is mandatory. *Id.* at § 1231(a)(2).

Additionally, Section 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Jamin's removal order became final on June 1, 2026, when the time within which to appeal expired. *See* 8 C.F.R. § 1241.1. Therefore, he is within the 90-day removal period, and his detention is mandatory.

## III.    <u>Conclusion</u>

Because Jasmin's post-removal order detention is statutorily mandated, IT IS RECOMMENDED that the PETITION [Doc. 1] be DENIED and DISMISSED WITHOUT PREJUDICE to him seeking relief after the expiration of the removal period should his detention become prolonged.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 18th day of June, 2026.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE

3